Chief Justice Bibb
delivered the Opinion of the Court,
On the first of April, 1820, the plaintiff in ejectment caused service of the declaration, and notice to be served on James Patton, John Scobcc, Stephen Scobcc, jun. and Robert Scobce.
The declaration contains two demises, of the 1st of November, 1819; the one, a joint demise by the devisees of Charles Morgan, deceased, viz: John Morgan, Daniel Morgan, James Morgan, Simeon Morgan, Nancy Morgan, William Foulks and Betsey, his wife, late Betsey Morgan, Henry Aten and Mary, his wife, late Mary Morgan, James Wells and Sally, his wife, late Sally Morgan, for 1,000 acres of land oil Stoner’s fork of Licking.
The other, a joint demise from “the heirs at law mid legal representatives of Charles Morgan, deceased,” viz: John Morgan, Daniel Morgan, James Morgan, Simeon Morgan, Nancy Morgan, William *454 Morgan, Henry Aten and Mary, bis wife, late Mary Morgan, James Wells and Sally, bis wife, late Sally Morgan, for 1,000 aeres of land on Stoner’s fork Licking.
Defendants made, and their plea.
Plaintiff's evidence.
—Grant.
—Surveyor’s report.
Possession.
Former ejectment on the same title against Patton—and— Habere facias returned executed.
Articles of agreement between the plaintiff’s lessors and Patton.
James Patton, John and Robert Scobee were admitted to defend, entered into the consent rule, and pleaded not guilty.
On the trial, the plaintiff gave in evidence a grant of the third of May, 1785, to Charles Morgan, heir of John Morgan, for 1,000 acres on Stoner’s fork of Licking; he gave in evidence the surveyor’s report, which identifies the boundaries of Morgan’s patent, the boundaries of a deed from Chilton Allan to Patton, of the 8th June, 1808, for 500 acres, the boundaries of a deed from Chilton Allan am James Clarke to Robert Scobee, of the 9th May, 1810, and representing the dwelling house of Patton as within his deed from Allan, and the houses of the two Scobees, as within the deed from Allan and Clarke to Robert Scobee.
The plaintiff gave in evidence, that the defendants were in possession at the commencement of the suit, and his witness also proved the possession of Patton to have commenced in 1792, and to have continued ever since, by actual residence.-
The read in evidence, the record of a judgment in ejectment, on the demise of Charles Morgan against James Patton, in the Fayette circuit court, and the sheriff’s return, of possession delivered to said Charles Morgan, and his receipt for possession, also endorsed, as of the 14th March, 1806, upon the writ of habere facias possessionem.
He gave in evidence, two articles of agreement between Charles Morgan and James Patton, the one of the 14th March, 1806, reciting the judgment and writ of possession, and execution thereof, done by the sheriff, by removing Patton’s goods out of the house, that day; and it was thereby agreed that Patton should re-enter and keep possession until the first of April, 1807, and pay a reasonable rent, to be judged by two men; the other of the 19th April, 1806, by which it was recited, that Patton had been *455 turned out of possession of the land he had purchased of Charles Morgan of Kentucky—the said Charles Morgan of Pennsylvania agreed to take thirty dollars in Full of all the rents past, present and to come, until the first day of April, 1807—“provided the said Patton, nor the said Charles Morgan of Kentucky, puts the said Charles Morgan of Pennsylvania to no more trouble or expense, concerning the said land and plantation;” but renders up possession on the first of April, 1807—but if he held over, or either Patton or Morgan of Kentucky, put Morgan of Pennsylvania to any trouble or expense in law or otherwise, then that instrument to be of no effect.
Defendant’s evidence—
Judgment in former ejectment reversed.
Execution for costs from this court and Sheriffs sale.
Sheriff’s deed to Allen and Clarke, and Clarke, and their deed to defendants.
He gave evidence, that Charles Morgan died after 1806, and that the persons named in the second count were his heirs at law, and that their ancestor was the reputed heir of John Morgan.
The defendant gave in evidence, a complete record of the ejectment by Charles Morgan against Patton, shewing that the declaration and notice had never been served, but returned not found; that no common order had been served; that the judgment in ejectment had been rendered without any notice to Patton, and for these errors, on the 14th February, 1808, the judgment of the Fayette circuit court was reversed by the Court of Appeals, upon error brought by Patton, and upon appearance by Morgan’s, and confession of the errors assigned,
The record, moreover, contained the execution for costs, issued from the Court of Appeals, in favor of Patton against Morgan, upon that reversal, the sheriff’s sale. &c.
Thereupon, the defendant gave in evidence, the deed of the sheriff to Chilton Allan, for 666 2-3 acres, part of Charles Morgan’s patent, sold under the execution for costs—bearing date on the eighth June, 1808; Allan’s deed to Patton for 500 acres thereof, of same date, and Allan and Clarke’s deed of the 9th May, 1810, to Robert Scobee, for the residue.
Objection to deeds overruled.
Record of the suit in equity in the Federal court brought by the lessors to set aside the sheriff’s sale and conveyance.
F-Answers of defendants.
To the reading of these deeds as evidence, the plaintiff objected; the court did not sustain the objection.
The defendant gave in evidence, á record of the court of the United States, for the Seventh Circuit and Kentucky District, of a suit in equity, instituted November, 1809, by all the persons now named as lessors of the plaintiff in the first demise, wherein they, as the heirs and devisees of Charles Morgan of Pennsylvania, complained, as citizens of Pennsylvania, against Charles Morgan of Kentucky, James Patton, Robert Scobee, Chilton Allan, citizens of the State of Kentucky, defendants, of which the deed of the sheriff is exhibited, the recovery in ejectment, and reversal; the execution for costs and sheriff’s sale, and conveyances to Allan and to Patton, are stated; the agreement of 14th March, 1809, and of 19th April, are exhibited, and the deeds alleged to be illegal and fraudulent, for various causes of irregularity, illegality, and fraud complained of. As to Charles Morgan of Kentucky, the bill alleges a sale by Charles Morgan of Pennsylvania, to him, in 1795, of the 1,000 acres, in consideration of 5000 acres, to be conveyed by said Morgan of Kentucky; that Morgan of Kentucky had sold a part of the land to Patton, against whom the ejectment had been brought by Charles Morgan of Pennsylvania, to enforce his claim; that the judgment had beer, reversed, execution for costs issued, and the land sold; and the prayer of the bill is, for a conveyance of the land from Charles Morgan of Kentucky, to be given for tbs tract of 1,000 acres on Stoner’s fork, or for damages, and to be relieved against the sheriff’s sale, and to have his lien enforced on the 1,000 acres on Stoner’s fork.
To this the defendants answered, and defended as welt against the merits of the principal decree, asked against Charles Morgan of Kentucky, as against the illegality and fraud charged, respecting the sheriff’s sale; and various proofs were taken as to the sheriff’s sale, and to the principal question.
Decree dismissing tho bill as, to those defendants.
Final decree as to the other parties, and decision of the supreme court.
Objections of the plaintiff to the record overruled.
Evidence offered by the plaintiff to impeach the sherriff's sale, but rejected.
Instructions
-verdict.
Motion for a new trial, overruled, and exceptions.
Where the defendant in ejectment relies lies on the purchase and conveyance of the plaintiff’s title under an execution, if the plaintiff offer to assail the sale for fraud, the record of a suit in equity, brought by the lessors against defendants to set aside the sale and deed for that cause, may be read by defendants, and is conclusive.
*457 At the November term, 1814, the cause was head, and the bill dismissed with costs, as to Patton, Allan, and Scobee. and an interlocutor entered against the defendant Morgan, for damages upon the bond given by him to Morgan of Pennsylvania for the 1,000 acres of land now in controversy.
At the May term, 1815, a final decree wan pronounced against the defendant, Charles Morgan—and afterwards, upon his-appeal to the Supreme Court of the United States, the decree was reversed, and the bill dismissed without prejudice to complainants, to prosecute any claim they may have at law.
To the giving of this record in evidence, for any purpose, the plaintiff objected—but the objection was overruled.
The plaintiff offered to go info evidence, to prove the sheriff’s sale and deed to Allan, fraudulent; but the defendant objected, because the proceedings upon the bill in equity, and the decree of that court thereupon, had concluded the question—and the court refused to hear the evidence.
This being all the evidence, the defendant moved the court, and the court accordingly instructed the jury, that if they believed from the evidence, “that this ejectment was brought for the same land mentioned and litigated in the suit in chancery in the Federal Court, that then the plaintiffs were concluded, by the record aforesaid from the Federal Court, and they must find for the defendants”—which instruction was given by die court.
The jury found for the defendants.
The plaintiff moved for a new trial, which was refused. He stated the whole evidence on both sides, together with the several questions, as they arose in the progress of the trial, and took a bill of exceptions.
The objection to reading in evidence the record of the suit in chancery in the Federal Court, was properly ruled. It was a proceeding in chancery, to *458 which all the lessors in the first demise in the declaration were parties complainant, as well as the lessors in the second demise, except William Morgan; in the suit in chancery as well as in this ejectment they claim as heirs and legal representatives of Charles Morgan, the patentee. Matters involved and decided in the suit in equity, were again involved or attempted to be again litigated in this ejectment, to which Patton and Scobee are defendants, and were defending the like matters in the former suit. The exception was taken to the record, as evidence, for any purpose; but no cause of objection was assigned; this court perceives none.
In such case, after the decree has been read by defendants, plaintiff can give no evidence to prove the sale invalid-that question was decided by the decree.
Where defendant’s evidence conduces to prove they hold the title to all the land the evidence conduced to prove they possessed, it is not necessary for the instruction of the court to have any regard to the balance of the tract mentioned in the count, and to which plaintiff shewed title.
*458 The counsel for plaintiff supposes that evidence of fraud and covin. in the sheriff’s sale, should have been admitted. That question was litigated in the bill in chancery, by the answers and by the depositions; the bill against Patton, Scobee and Allan, parties to that sale and deed of the sheriff, was dismissed with costs; from that decree there was no appeal, it remains in full force and unreversed The record and mandate of the Supreme Court shews that the appeal was taken by Morgan, the, defendant to the decree of 1815, against him; even that decree was reversed, and the hill dismissed. But, from the decree of 1814, neither Allan, Patton, nor Scobee appealed, nor have the complainants in the cause, now lessors of the plaintiff, appealed. They, as complainants on the one side, and Patton, Scobee and Allan on the other, were the only parties to the decree of 1814—it was final, is in full force, and is conclusive as to the fraud alleged, denied, and litigated in that suit. The sheriff’s sale and deed litigated in chancery, and that given in evidence in this ejectment, is the same; the identity is not matter of parol proof, nor of averment, it is seen by inspection.
In objecting to the deed from the sheriff to Allen, and the deeds to those claiming under it, no cause et objection was stated, none is perceived.
But the instruction given to the jury, as to the conclusive effect of the decree of 1814 or of the decrees in chancery, both together, it is argued, has *459 been extended too far. If the instruction had been, that if the jury found that the land included in the sheriff’s deed, and the land possessed by the defendants in ejectment was the same, and that the fondants were not possessed at the bringing- of the ejectment, of any land, except that included in the sheriff’s deed to Allan, that then they should find forthe defendants, the instruction would have been correct without any doubt. The deed of the sheriff was supported by the judgment and execution given in evidence} it was sufficient to divest the title of Morgan, and vest it in Allan. It was a conveyance from Morgan, subsequent to the agreements of 1806. the lessors of the plaintiff having attempted to impeach it in the suit in chancery, wherein a decree passed against them, dismissing their complaint, they were concluded to the extent of the boundaries of the sheriff’s deed, and for all the land sued for in the ejectment, which is included, in, that deed, the verdict should have been for the defendants. But Morgan of Pennsylvania had conveyed to Morgan of Kentucky, the legal title to the. tract of 1,000 acres. The dismissal of the bill in equity, did not operate a conveyance of the whole tract. But it comfirmed and put the sheriff’s deed out of litigation in future, for fraud or irregularity. The doubt arises upon the terms of the instruction, and the question is, whether the instruction has gone beyond the limit we have just prescribed. The sameness of the laud included in the sheriff’s deed to Allan, and of the land possessed by the defendants, at the institution of the ejectment, was the correct proposition to be left to the jury, on this motion for instruction. The land included in the sheriff’s deed had been litigated in chancery; file lessors in ejectment had, by bill, complained of that deed, and asked a release of that to the the complaint had been litigated and decided against them by a court of competent jurisdiction and they are concluded. That deed is a title paramount to theirs, for the land described by its abuttals and boundaries and the court ought so to have distructed the jury.
It is no objection to an instruction that the jury were directed to find for defendants, if they found a fact, for it to appear that the defence which that fact maintained expended to only part of the tract the plaintiff shewed his title to, if there was no evidence, defendants had trespassed on the residue.
The proposition submitted to the jury was, whether this ejectment was brought for the same land mentioned and litigated in the suit in chancery. That the whole grant of 1,000 acres was a subject of litigation in chancery, between the complainants and the defendants, (including Charles Morgan) is clear, from tho transcript of (hose proceedings. But this ejectment was brought for the land which the defendants possessed. For what land within that grant had the lessors of the plaintiff a title, at file institution of the ejectment? For so much as was not included in the sheriff’s deed. For what land had the plaintiff in ejectment a right to claim a verdict? Only for that part possessed by the defendants, failing out side of the sheriff’s deed, but inside of the grant of 1,000 acres. Was the question submitted to the jury, as a question of fact, whether the defendants had any possession outside of the sheriff’s deed? That depends upon the evidence in the cause; whether it conduced to raise that question of fact; and whether the court have excluded, by their instruction, any evidence from which the jury might have found the fact of possession, outside of the sheriff’s deed. It is true that the lessors of the plaintiff had elected to consider themselves ousted of the whole thousand acres, by the adverse possession of the defendants within the grant. But it is also true, that the defendants show a the to the. land covering their dwellings and possession, as represented on the past in the surveyor’s report. The plaintiff has given no evidence conducing to show any possession outside of the boundaries of the deeds by which the defendants have covered and protected their possession. The plaintiff can not. by his election, make the defendants trespassers, he can not, by his election and volition, give to the defendants a constructive possession outside, of their boundaries, when those, boundaries are for land to which the defendants have a legal title, paramount to the claim of the plaintiff. After the defendants had maintained their title to the land with the sheriff's deed to Allan, and thereby divested, the plaintiff of any claim to recover the possession within that deed, to enable the plaintiff to *461 Spaintain bis action, he should have offered evidence to prove a possession in the defendant, outside of the sheriff's deed. For lack of such, evidence, he failed in proof of a trespass.
Instruction expounded with reference to the state of the evidence.
This is made clearer by the consideration of what would have been the duty of the court upon the whole evidence, as stated by the bill of exceptions, supposing the jury to have found a verdict for the plaintiff. Had such a verdict been found, upon motion for anew trial by the defendants, it would have been the duty of the court to set aside the verdict, as being against evidence. The question as to what should have been the verdict, is presented to the court upon the motion for a new trial, made by the plaintiff, upon the whole record. The case in that view, is stripped of the awkward word big of the instruction, and shews that every, fact was left to the jury which was open to their enquiry; namely, whether the sheriff’s deed included within its boundaries, the possession which, the defendants held. Upon that question there is no doubt; the surveyor’s report shews the facts, as to where they are possessed, and that is within the sheriff’s deed. No possession ultra is proved, nor is there any evidence conducing to prove it.
The plaintiff had declared for 1,000 acres, but the evidence bad limited the controversy to 606 2-3 acres; and upon that state of the case, the court instructed the jury, that if this suit “was brought for the same land mentioned and litigated on in the suit in chancery,” they should and for the defendant. The “same land,” as here put in question to the jury, involved two questions of fact, whether the boundaries of the sheriff’s deed included the defendants; and secondly, whether they had extended their possessions beyond that deed. The identity of the sheriff’s deed, complained of in chancery, and of that now adduced in evidence, was a question not of fact, but of law, to the court, to be determined by inspecting the record and the deed produced in evidence.
As the plaintiff had given no evidence conducing shew any possession in the defendants, outside *462 the sheriff’s deed, as represented in the connected plat, if that was a true representation, the defendants were entitled to a verdict. Upon the whole record it does not appear that any error has been committed by the court, or by the jury.
Crittenden for plaintiffs; Wickliffe for defendants.
The judgment is affirmed with costs.